UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

MANNDRELL DEMECO FULLER,

        Plaintiff,

v.

ANDREW DINEHART, et al.,

        Defendants.

_____/

Case No. 1:24-cv-1239

Honorable Phillip J. Green

## OPINION

This is a civil rights action brought by a pretrial detainee under 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 1, PageID.12.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ."

28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

## Discussion

**I.      Factual Allegations**

At the time Plaintiff filed his complaint, he was incarcerated in the Ionia County Jail, located in Ionia County, Michigan. The events about which he complains occurred at that facility. Plaintiff sues Jail Administrator Andrew Dinehart, Sheriff Charlie Noll, Undersheriff Andrew Bucholtz, Jail Sergeant Willa Gorniewicz, and Jail Deputy Ashley Badder. Plaintiff fails to specify the capacity in which he is suing Defendant Bucholtz, but states that he is suing the remaining Defendants in their official capacity.

Plaintiff alleges that he has been denied access to the law library because he has a court appointed attorney. Plaintiff asserts that he required access to the law library in order to assist his court appointed attorney with his defense because his attorney has other clients and does not have time to answer all of Plaintiff's questions. (ECF No. 1, PageID.3–4.) Plaintiff states that he kited his attorney on July 24, 2024, asking for the Michigan statute related to parolees charged with a felony. (*Id.*, PageID.4.) Plaintiff did not receive a response. (*Id.*) Plaintiff kited again on July 27, 2024, informing his attorney that he needed to talk to him about his defense and seeking information on lesser included charges. (*Id.*) On July 30, 2024, Plaintiff again kited his attorney on July 30, 2024, asking if he planned to meet with Plaintiff before his court date. (*Id.*) Plaintiff never received a response. (*Id.*) Plaintiff also kited his attorney's legal assistant and asked for MCL 780.131 and MCL 780.133, as well as lesser included charges, definitions, and elements of the lesser included crimes. (*Id.*, PageID.4–5.) Plaintiff did not receive a response. (*Id.*, PageID.5.)

Plaintiff states that Defendant Badder controls who can and cannot access the law library and that Defendant Gorniewicz oversees the grievance process. (*Id.*) Plaintiff further states that he "had a conversation with [Defendant Gorniewicz] about" the matter. (*Id.*) Plaintiff contends that Defendants Dinehart and Bucholtz play a role in establishing jail policy and failed to properly investigate Plaintiff's grievance appeal. (*Id.*, PageID.5–6.) Plaintiff asserts that Defendant Noll approved the denial of law library access to prisoners who were represented by counsel. (*Id.*, PageID.6.)

Plaintiff seeks damages and injunctive relief.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted

5

unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff claims that Defendants' refusal to allow him access to the law library violated his First Amendment right of access to the courts. It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, a prisoner who is represented by counsel has no freestanding right to access a jail law library. "[P]rison law libraries and legal assistance programs are not ends in themselves, but only the means for ensuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (quoting

6

*Bounds*, 430 U.S. at 825). An inmate's right of access to the courts is fully protected if he is represented by counsel. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 104 (6th Cir. 1991); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984) (citing *Holt v. Pitts*, 702 F.2d 639, 640 (6th Cir. 1983) (holding that, once counsel has been appointed, the state has fulfilled its constitutional obligation to provide access to the courts)); *see also United States v. Sammons*, 918 F.2d 592, 602 (6th Cir. 1990) (defendant's waiver of right to court-appointed counsel and decision to represent self in defense of criminal prosecution constituted waiver of right of access to law library); *Holt*, 702 F.2d at 640-01 (same). Plaintiff states that he was represented by counsel in his criminal case. His right of access to the courts was therefore adequately protected. Because Plaintiff's right of access to the courts was adequately protected, his complaint fails to allege facts showing that his constitutional rights were violated by Defendants' refusal to allow him to access the law library.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reason the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1). *See McGore*, 114 F.3d at 610-11.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:  March 26, 2025                             /s/ Phillip J. Green
                                                   PHILLIP J. GREEN
                                                   United States Magistrate Judge